RAOUL D. KENNEDY (STATE BAR NO. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Raoul.Kennedy@skadden.com

JAMES R. CARROLL (*PRO HAC VICE*)
DAVID S. CLANCY (*PRO HAC VICE*)
CALE P. KEABLE (*PRO HAC VICE*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street, 31st Floor
Boston, Massachusetts 02108
Telephone: (617) 573-4800
Facsimile: (617) 573-4822
Email: James.Carroll@skadden.com
Email: David.Clancy@skadden.com
Email: Cale.Keable@skadden.com

Attorneys for Defendant
Conseco Life Insurance Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDRIC BRADY, DR. CHARLES HOVDEN, MARION HOVDEN, DR. EUGENE KREPS, DR. JOHN McNAMARA, DR. HISAJI SAKAI, and JEAN SAKAI, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSECO, INC. and CONSECO LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: 3:08-CV-05746-SI<br><br>**CONSECO LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**<br><br>Amended Complaint filed: April 23, 2009 |

Defendant Conseco Life Insurance Company ("Conseco Life"), by its undersigned counsel, answers the Amended Complaint, upon knowledge as to itself and its own acts, and otherwise upon information and belief, as follows:

## ANSWER

To the extent the paragraphs of the Amended Complaint are grouped under headings and sub-headings, Conseco Life responds generally that such headings and sub-headings (which are not repeated below) contain legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Conseco Life denies each and every heading and sub-heading in the Amended Complaint and incorporates by reference the response in each paragraph below as if fully set forth therein.

The introductory paragraph of the Amended Complaint that precedes the Amended Complaint's numbered paragraphs contains legal conclusions as to which no response is required. To the extent a response is deemed necessary, Conseco Life denies each and every allegation contained in the introductory paragraph of the Amended Complaint, including, but not limited to, the Amended Complaint's definition of the term "Conseco."

1. Conseco Life denies the allegations in the first sentence of Paragraph 1, except admits that it markets certain insurance products.  Conseco Life denies the allegations in the second sentence of Paragraph 1, except admits that under certain circumstances certain whole life insurance policies can provide a death benefit, accumulate a cash value and allow for loans.

2. Conseco Life denies the allegations in the first sentence of Paragraph 2, except admits that the Plaintiffs[1] purchased life insurance policies from Massachusetts General Insurance Company.  Conseco Life lacks knowledge or information sufficient to form a belief as to

---

[1]     Cedric Brady, Dr. Charles Hovden, Marion Hovden, Dr. Eugene Kreps, Dr. John McNamara, Dr. Hisaji Sakai and Jean Sakai are herein referred to as "Plaintiffs."

the truth of the allegations in the second sentence of Paragraph 2 and on that basis denies those allegations.

3.      Conseco Life denies the allegations in the first sentence of Paragraph 3. Conseco Life denies the allegations in the second sentence of Paragraph 3, except admits that Plaintiffs have been sent annual statements, and refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.

4.      Conseco Life denies the allegations in the first sentence of Paragraph 4. Conseco Life denies the allegations in the second sentence of Paragraph 4, except admits that the computer-based administrative system tracking Plaintiffs' policies did not automatically flag and generate a letter when the amount remaining in their policies' accumulation accounts did not exceed the sum of the then-guaranteed cash value, the then-applicable surrender charge, and any indebtedness.  Conseco Life denies the allegations in the third sentence of Paragraph 4, which is unintelligible.  Conseco Life denies the allegations in the fourth sentence of Paragraph 4, except admits that Plaintiffs have been sent annual statements, and refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the fifth sentence of Paragraph 4.

5.      Conseco Life denies the allegations in Paragraph 5, and refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.

6.      Conseco Life denies the allegations in Paragraph 6.

7.      Conseco Life denies the allegations in Paragraph 7, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

2

8.      Conseco Life denies the allegations in the first sentence of Paragraph 8, and refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second sentence of Paragraph 8.

9.      Conseco Life denies the allegations in the first sentence of Paragraph 9. Conseco Life denies the allegations in the second sentence of Paragraph 9, and refers to the Court filings in *Rosenbaum v. Philadelphia Life, et al.*, 2:93-cv-00834 for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the third and fourth sentences of Paragraph 9, and refers to the Final Judgment of Class Action in *In Re Conseco Life Ins. Cost Of Insurance Litigation*, MDL No. 04-1610 AHM (MCX), reported at 2007 WL 3170134 (C.D. Cal. July 3, 2007), and all the other Court filings in that action for a complete and accurate statement of their terms.

10.      Conseco Life denies the allegations in the first sentence of Paragraph 10. Conseco Life admits the allegations in the second sentence of Paragraph 10.  Conseco Life denies the allegations in the third sentence of Paragraph 10, and refers to Exhibit A to the Amended Complaint, for a complete and accurate statement of its terms.

11.      Conseco Life admits the allegations in the first sentence of Paragraph 11. Conseco Life denies the allegations in the second sentence of Paragraph 11, and refers to Exhibit B to the Amended Complaint, for a complete and accurate statement of its terms.

12.      Conseco Life denies the allegations in Paragraph 12.

13.      Conseco Life avers that Paragraph 13 contains legal conclusions to which no response is required.  To the extent that Paragraph 13 is deemed to contain factual allegations, they are denied.

3

14.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 14, except admits and avers that Lifetrend IV, Series 1987 Policy Number 10PM005886, dated December 15, 1987, was issued in the face amount of $420,676 for insured Cedric T. Brady.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 14 and on that basis denies those allegations.  Further answering, Conseco Life avers that Mr. Brady listed his birth date as September 8, 1942 on his application for life insurance.

15.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 15, except admits and avers that Lifetrend IV, Series 1987 Policy Number 10L0992610, dated December 1, 1988, was issued in the face amount of $500,000 for insured Charles N. Hovden.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 15 and on that basis denies those allegations.  Further answering, Conseco Life avers that Dr. Hovden listed his birth date as September 2, 1925 on his application for life insurance.

16.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 16, except admits and avers that Lifetrend IV, Series 1987 Policy Number 10L1000650, dated February 15, 1989, was issued in the face amount of $500,000 for insured Marion M. Hovden.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

4

third sentence of Paragraph 16 and on that basis denies those allegations.  Further answering, Conseco Life avers that Ms. Hovden listed her birth date as July 19, 1927 on her application for life insurance.

17.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 17, except admits and avers that Lifetrend IV, Series 1987 Policy Number 10L0926910, dated October 1, 1987, was issued in the face amount of $1,000,000 for insured Eugene Kreps.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 17 and on that basis denies those allegations.  Further answering, Conseco Life avers that Dr. Kreps listed his birth date as October 14, 1931 on his application for life insurance.

18.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 18, except admits and avers that Lifetrend IV, Series 1987 Policy Number 1090009718, dated November 6, 1991, was issued in the face amount of $1,512,359 for insured John McNamara.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 18 and on that basis denies those allegations.  Further answering, Conseco Life avers that Dr. McNamara listed his birth date as April 6, 1950 on his application for life insurance.

19.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 19, except

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

admits and avers that Lifetrend IV, Series 1987 Policy Number 10L1002680, dated June 13, 1989, was issued in the face amount of $75,000 for insured Hisaji Sakai. Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 19 and on that basis denies those allegations.  Further answering, Conseco Life avers that Dr. Sakai listed his birth date as February 28, 1925 on his application for life insurance.

20.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 20, except admits and avers that Lifetrend IV, Series 1987 Policy Number 10L1011140, dated June 14, 1989, was issued in the face amount of $150,000 for insured Jean Sakai.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 20 and on that basis denies those allegations.  Further answering, Conseco Life avers that Ms. Sakai listed her birth date as January 8, 1925 on her application for life insurance.

21.     The allegations in Paragraph 21 relate solely to Conseco, Inc.  Pursuant to Order of this Court dated July 29, 2009, Conseco, Inc. was dismissed from this action and therefore no response is required.  To the extent that an answer is deemed required, it is denied.

22.     Conseco Life denies the allegations in the first sentence of Paragraph 22, except admits and avers that it is a corporation organized under the laws of Indiana, with its headquarters and principal place of business in Indiana, and that it is registered to do business in, and does business in, California, among other states.  Conseco Life denies the allegations in the second sentence of Paragraph 22, except admits that on December 31, 1998, Philadelphia Life Insurance Company merged with Conseco Life.  Conseco Life denies the allegations in the third sentence of Paragraph 22.  Conseco Life denies the allegations in the fourth sentence of Paragraph 22, except admits that Massachusetts General issued Plaintiffs' policies.

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

23. Conseco Life avers that the first sentence of Paragraph 23 contains legal conclusions to which no response is required. To the extent that the first sentence of Paragraph 23 is deemed to contain factual allegations, they are denied. The allegations in the second sentence of Paragraph 23 relate solely to Conseco, Inc. Pursuant to Order of this Court dated July 29, 2009, Conseco, Inc. was dismissed from this action and therefore no response is required. Conseco Life admits the allegations in the third sentence of Paragraph 23. Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 23 and on that basis denies those allegations. Further answering, Conseco Life avers that the fourth sentence of Paragraph 23 contains legal conclusions to which no response is required. To the extent that the fourth sentence of Paragraph 23 is deemed to contain factual allegations, they are denied.

24. Conseco Life avers that Paragraph 24 contains legal conclusions to which no response is required. To the extent that Paragraph 24 is deemed to contain factual allegations, they are denied.

25. Conseco Life avers that the first sentence of Paragraph 25 contains legal conclusions to which no response is required. To the extent that the first sentence of Paragraph 25 is deemed to contain factual allegations, they are denied. Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 25 and on that basis denies those allegations.

26. Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26 and on that basis denies those allegations. Further answering, Conseco Life avers that the first sentence of Paragraph 26 contains legal conclusions to which no response is required. To the extent that the first sentence of Paragraph 26 is deemed to contain factual allegations, they are denied. Conseco Life lacks

7

knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 26 and on that basis denies those allegations.  Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 26 and on that basis denies those allegations.  Conseco Life avers that the fourth sentence of Paragraph 26 contains legal conclusions to which no response is required.  To the extent that the fourth sentence of Paragraph 26 is deemed to contain factual allegations, they are denied.

27.     The allegations in Paragraph 27 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 35.

36.     The allegations in Paragraph 36, and each of its sub-paragraphs, relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To

the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 36 and each of its sub-paragraphs.

37.     The allegations in Paragraph 37 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this

10

Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 relate solely to Plaintiffs' assertion that the Court has personal jurisdiction over Conseco, Inc.  That assertion was rejected by Order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 46.

47.     Conseco Life denies the allegations in the first sentence of Paragraph 47. Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 and on that basis denies those allegations. Conseco Life denies the allegations in the third sentence of Paragraph 47.

48.     Conseco Life denies the allegations in the first sentence of Paragraph 48, except admits that it sells policies through independent brokers.  Conseco Life denies the allegations in the second sentence of Paragraph 48.

49.     Conseco Life denies the allegations in Paragraph 49, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

50.     Conseco Life denies the allegations in Paragraph 50, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

51.     Conseco Life denies the allegations in Paragraph 51, except admits -- to the extent these allegations concern the Plaintiffs -- that Plaintiffs owed premiums pursuant to the terms of their policies.

52.     Conseco Life denies the allegations in Paragraph 52, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

53.     Conseco Life denies the allegations in the first, second and third sentences of Paragraph 53, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the fourth sentence of Paragraph 53.

54.     Conseco Life denies the allegations in the first sentence of Paragraph 54, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second sentence of Paragraph 54, except admits -- to the extent these allegations concern the Plaintiffs -- that the illustrations attached to the October 7, 2008, letter provide a clear explanation of the

interest credit.  Conseco Life denies the allegations in the third, fourth, fifth and sixth sentences of Paragraph 54, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

55.     Conseco Life denies the allegations in Paragraph 55, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

56.     Conseco Life admits the allegations in the first sentence of Paragraph 56, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second and third sentences of Paragraph 56, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

57.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 57 and on that basis denies those allegations, except admits and avers that annual statements are issued on Plaintiffs' policies.  Conseco Life denies the allegations in the second and third sentences of Paragraph 57, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.

58.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 58 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 58.

59.     Conseco Life denies the allegations in the first sentence of Paragraph 59, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second sentence of Paragraph 59, except admits -- to the extent these allegations concern the Plaintiffs --

that Plaintiffs' policies contain an "Optional Premium Payment Provision" and refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the third sentence of Paragraph 59, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

60.     Conseco Life denies the allegations in Paragraph 60, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

61.     Conseco Life denies the allegations in Paragraph 61, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

62.     Conseco Life denies the allegations in Paragraph 62, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms concerning loans and associated indebtedness.

63.     Conseco Life denies the allegations in Paragraph 63, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

64.     Conseco Life denies the allegations in the first sentence of Paragraph 64, except admits -- to the extent these allegations concern the Plaintiffs -- that Plaintiffs' policies contain an "Optional Premium Payment Provision" and refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second and third sentences of Paragraph 64, except admits -- to the extent these allegations concern the Plaintiffs -- that Plaintiffs owed premiums pursuant to the terms of their policies, and refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

65.     Conseco Life denies the allegations in Paragraph 65, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

66.     Conseco Life denies the allegations Paragraph 66, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

67.     Conseco Life denies the allegations in Paragraph 67, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Answering further, Conseco Life avers and refers to the October 7, 2008, letter for a complete and accurate statement of the enhanced forfeiture provision's terms.

68.     Conseco Life denies the allegations Paragraph 68, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

69.     Conseco Life denies the allegations Paragraph 69, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

70.     Conseco Life denies the allegations in Paragraph 70, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.

71.     Conseco Life denies the allegations in Paragraph 71, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.

72.     Conseco Life denies the allegations in the first sentence of Paragraph 72, and refers to Mr. Brady's annual statement for the period from April 15, 1993 to April 16, 1994 for a

15

complete and accurate statement of its terms.  Conseco Life denies the allegations in the second

sentence of Paragraph 72, and refers to Mr. Brady's annual statement for the period from December

15, 1994 to December 16, 1995 for a complete and accurate statement of its terms.  Conseco Life

denies the allegations in the third sentence of Paragraph 72, and refers to the Mr. Brady's annual

statements for a complete and accurate statement of their terms.

    73.  Conseco Life denies the allegations in the first sentence of Paragraph 73, and

refers to Dr. Sakai's annual statement for the period from June 13, 1993 to June 14, 1994 for a

complete and accurate statement of its terms.  Conseco Life denies the allegations in the second

sentence of Paragraph 73, and refers to Dr. Sakai's annual statement for the period from June 13,

1996 to June 14, 1997 for a complete and accurate statement of its terms.  Conseco Life denies the

allegations in the third sentence of Paragraph 73, and refers to the Dr. Sakai's annual statement for

the period from June 13, 2007 to June 14, 2008 for a complete and accurate statement of its terms.

    74.  Conseco Life denies the allegations in the first sentence of Paragraph 74, and

refers to Ms. Sakai's annual statement for the period from June 14, 1993 to June 15, 1994 for a

complete and accurate statement of its terms.  Conseco Life denies the allegations in the second

sentence of Paragraph 74, and refers to Ms. Sakai's annual statement for the period from June 14,

1996 to June 15, 1997 for a complete and accurate statement of its terms.  Conseco Life denies the

allegations in the third sentence of Paragraph 74, and refers to Ms. Sakai's annual statement for the

period from June 14, 2007 to June 15, 2008 for a complete and accurate statement of its terms.

    75.  Conseco Life denies the allegations in Paragraph 75, and refers to Dr.

McNamara's annual statements for a complete and accurate statement of their terms.

    76.  Conseco Life denies the allegations in Paragraph 76.

    77.  Conseco Life denies the allegations in Paragraph 77.

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES      CASE NO.: 3:08-CV-05746-SI

78.     Conseco Life denies the allegations Paragraph 78, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

79.     Conseco Life denies the allegation in the first sentence of Paragraph 79. Conseco Life denies the allegations in the second sentence of Paragraph 79, and refers to Exhibit B to the Amended Complaint, for a complete and accurate statement of its terms.

80.     Conseco Life denies the allegations in Paragraph 80.

81.     Conseco Life denies the allegations in Paragraph 81.

82.     Conseco Life denies the allegations in Paragraph 82.

83.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 83 and on that basis denies those allegations.  Further answering, Conseco Life avers that the third sentence of Paragraph 83 contains legal conclusions to which no response is required.  To the extent that the third sentence of Paragraph 83 is deemed to contain factual allegations, they are denied

84.     Conseco Life denies the allegations in Paragraph 84.

85.     Conseco Life denies the allegations in Paragraph 85.

86.     Conseco Life denies the allegations in Paragraph 86, and refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.

87.     Conseco Life denies the allegations in Paragraph 87, and refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "a" of Paragraph 87, and refers to the letter from Conseco Life to Dr. Kreps dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in

17

subparagraph "b" of Paragraph 87, and refers to the letter from Conseco Life to Kenneth Hovden and Caren Hovden, the beneficiaries for Marion Hovden's policy, dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "c" of Paragraph 87, and refers to the letter from Conseco Life to Kenneth Hovden and Caren Hovden, the beneficiaries for Dr. Charles Hovden's policy, dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "d" of Paragraph 87, and refers to the letter from Conseco Life to Dr. Sakai dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "e" of Paragraph 87, and refers to the letter from Conseco Life to Ms. Sakai dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "f" of Paragraph 87, and refers to the letter from Conseco Life to Mr. Brady dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "g" of Paragraph 87, and refers to the letter from Conseco Life to Dr. McNamara dated October 7, 2008, and the subsequent, related letters, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "h" of Paragraph 87.

88.     Conseco Life denies the allegations in the first sentence of Paragraph 88. Conseco Life denies the allegations in the second sentence of Paragraph 88, except admits -- to the extent these allegations concern the Plaintiffs -- that Plaintiffs' policies contain an "Optional Premium Payment Provision" and refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the third sentence of Paragraph 88, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' annual statements for a complete and accurate statement of their terms.  Conseco Life denies the

18

allegations in the fourth sentence of Paragraph 88, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms. Conseco Life denies the allegations in the fifth sentence of Paragraph 88.

89.     Conseco Life denies the allegations in the first sentence of Paragraph 89. Conseco Life denies the allegations in the second sentence of Paragraph 89, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the third sentence of Paragraph 89, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

90.     Conseco Life denies the allegations in the first sentence of Paragraph 90. Conseco Life avers that the second, third and fourth sentences of Paragraph 90 contains legal conclusions to which no response is required.  To the extent that the second, third and fourth sentences of Paragraph 90 are deemed to contain factual allegations, they are denied.

91.     Conseco Life denies the allegations in Paragraph 91, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

92.     Conseco Life denies the allegations in the first sentence of Paragraph 92, except admits -- to the extent these allegations concern the Plaintiffs -- that Plaintiffs' policies contain an "Optional Premium Payment Provision" and  refers to the Plaintiffs' policies for a complete and accurate statement of their terms.  Conseco Life denies the allegations in the second sentence of Paragraph 92, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

93.     Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 93 and on that basis denies those allegations.  Conseco Life denies the allegations in the third sentence of Paragraph 93.

94.     Conseco Life denies the allegations Paragraph 94.

95.     Conseco Life denies the allegations Paragraph 95.

96.     Conseco Life denies the allegations in the first sentence of Paragraph 96. Conseco Life denies the allegations in the second sentence of Paragraph 96, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

97.     Conseco Life denies the allegations in Paragraph 97, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

98.     Conseco Life denies the allegations in Paragraph 98, including in subparagraphs "a" through "g" and refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.  Conseco Life denies the allegations in subparagraph "h" of Paragraph 98.

99.     Conseco Life denies the allegations in Paragraph 99, and -- to the extent these allegations concern the Plaintiffs -- refers to the letters from Conseco Life to the Plaintiffs dated October 7, 2008, for a complete and accurate statement of their terms.

100.    Conseco Life denies the allegations in Paragraph 100.

101.    Conseco Life denies the allegations in the first and second sentences of Paragraph 101.  Conseco Life avers that the third sentence of Paragraph 101 contains legal conclusions to which no response is required.  To the extent that the third sentence of Paragraph 101 is deemed to contain factual allegations, they are denied.

20

102.    Conseco Life denies the allegations in Paragraph 102, and -- to the extent these allegations concern the Plaintiffs -- refers to the Plaintiffs' policies for a complete and accurate statement of their terms.

103.    Conseco Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 103 and on that basis denies those allegations.  Conseco Life denies the allegations in the second sentence of Paragraph 103.

104.    Conseco Life denies the allegations in Paragraph 104.

105.    Conseco Life avers that Paragraph 105 contains legal conclusions to which no response is required.  To the extent that Paragraph 105 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

106.    Conseco Life avers that Paragraph 106 contains legal conclusions to which no response is required.  To the extent that Paragraph 106 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

107.    Conseco Life avers that Paragraph 107 contains legal conclusions to which no response is required.  To the extent that Paragraph 107 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

108.    Conseco Life avers that Paragraph 108 contains legal conclusions to which no response is required.  To the extent that Paragraph 108 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

109.    Conseco Life avers that Paragraph 109 contains legal conclusions to which no response is required.  To the extent that Paragraph 109 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

110.    Conseco Life avers that Paragraph 110 contains legal conclusions to which no response is required.  To the extent that Paragraph 110 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

111.    Conseco Life avers that Paragraph 111 contains legal conclusions to which no response is required.  To the extent that Paragraph 111 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

112.    Conseco Life avers that Paragraph 112 contains legal conclusions to which no response is required.  To the extent that Paragraph 112 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

113.    Conseco Life avers that Paragraph 113 contains legal conclusions to which no response is required.  To the extent that Paragraph 113 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

114.    Conseco Life avers that Paragraph 114 contains legal conclusions to which no response is required.  To the extent that Paragraph 114 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

115.    Conseco Life avers that Paragraph 115 contains legal conclusions to which no response is required.  To the extent that Paragraph 115 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

116.    Conseco Life avers that Paragraph 116 contains legal conclusions to which no response is required.  To the extent that Paragraph 116 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

117.    Conseco Life avers that Paragraph 117 contains legal conclusions to which no response is required.  To the extent that Paragraph 117 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

22

118.    Conseco Life avers that Paragraph 118 contains legal conclusions to which no response is required.  To the extent that Paragraph 118 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

119.    Conseco Life avers that Paragraph 119 contains legal conclusions to which no response is required.  To the extent that Paragraph 119 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

120.    Conseco Life avers that Paragraph 120 contains legal conclusions to which no response is required.  To the extent that Paragraph 120 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

121.    Conseco Life avers that Paragraph 121 contains legal conclusions to which no response is required.  To the extent that Paragraph 121 is deemed to contain factual allegations, they are denied, and Conseco Life avers that certification of a class is not appropriate in this matter.

122.    Conseco Life avers that Paragraph 122 contains legal conclusions to which no response is required.  To the extent that Paragraph 122 is deemed to contain factual allegations, they are denied.

123.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

124.    Conseco Life avers that Paragraph 124 contains legal conclusions as to which no response is required.  To the extent that Paragraph 124 is deemed to contain factual allegations, they are denied.

125.    Conseco Life avers that Paragraph 125 contains legal conclusions as to which no response is required.  To the extent that Paragraph 125 is deemed to contain factual allegations, they are denied.

126.    Conseco Life avers that Paragraph 126 contains legal conclusions as to which no response is required.  To the extent that Paragraph 126 is deemed to contain factual allegations, they are denied.

127.    Conseco Life avers that Paragraph 127, and each of its subparagraphs, contains legal conclusions as to which no response is required.  To the extent that Paragraph 127 is deemed to contain factual allegations, they are denied.

128.    Conseco Life avers that Paragraph 128 contains legal conclusions as to which no response is required.  To the extent that Paragraph 128 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 128 and 129 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 128 and 129 is deemed to contain factual allegations, they are denied.

129.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

130.    Conseco Life avers that Paragraph 130 contains legal conclusions as to which no response is required.  To the extent that Paragraph 130 is deemed to contain factual allegations, they are denied.

131.    Conseco Life avers that Paragraph 131 contains legal conclusions as to which no response is required.  To the extent that Paragraph 131 is deemed to contain factual allegations, they are denied.

132.    Conseco Life avers that Paragraph 132 contains legal conclusions as to which no response is required.  To the extent that Paragraph 132 is deemed to contain factual allegations, they are denied.

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

133.   Conseco Life avers that Paragraph 133 contains legal conclusions as to which no response is required.  To the extent that Paragraph 133 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 133 and 134 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 133 and 134 is deemed to contain factual allegations, they are denied.

134.   The allegations in Paragraph 134 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all preceding and subsequent paragraphs as if fully set forth herein.

135.   The allegations in Paragraph 135 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 135.

136.   The allegations in Paragraph 136 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 136.

137.   The allegations in Paragraph 137 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 137.

138.   The allegations in Paragraph 138 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 142.

The allegations in the "WHEREFORE" clause between Paragraphs 142 and 143 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in the "WHEREFORE" clause between Paragraphs 142 and 143.

143.    The allegations in Paragraph 143 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all preceding and subsequent paragraphs as if fully set forth herein.

144.    The allegations in Paragraph 144 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 144.

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

145.    The allegations in Paragraph 145 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 151.

The allegations in the "WHEREFORE" clause between Paragraphs 151 and 152 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and

1  therefore no response is required.  To the extent that an answer is deemed required, Conseco Life

2  denies the allegations in the "WHEREFORE" clause between Paragraphs 151 and 152.

3          152.    The allegations in Paragraph 152 relate solely to a cause of action that was

4  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

5  extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all

6  preceding and subsequent paragraphs as if fully set forth herein.

7

8          153.    The allegations in Paragraph 153 relate solely to a cause of action that was

9  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

10  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 153.

11          154.    The allegations in Paragraph 154 relate solely to a cause of action that was

12  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

13  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 154.

14

15          155.    The allegations in Paragraph 155 relate solely to a cause of action that was

16  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

17  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 155.

18          156.    The allegations in Paragraph 156 relate solely to a cause of action that was

19  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

20  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 156.

21

22          157.    The allegations in Paragraph 157 relate solely to a cause of action that was

23  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

24  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 157.

25          158.    The allegations in Paragraph 158 relate solely to a cause of action that was

26  dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

27  extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 158.

28

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI

159.     The allegations in Paragraph 159 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 159.

160.     The allegations in Paragraph 160 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 160.

The allegations in the "WHEREFORE" clause between Paragraphs 160 and 161 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in the "WHEREFORE" clause between Paragraphs 160 and 161.

161.     The allegations in Paragraph 161 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all preceding and subsequent paragraphs as if fully set forth herein.

162.     The allegations in Paragraph 162 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 162.

163.     The allegations in Paragraph 163 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 163.

164.     The allegations in Paragraph 164 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 165.

166.    The allegations in Paragraph 166 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 169.

The allegations in the "WHEREFORE" clause between Paragraphs 169 and 170 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in the "WHEREFORE" clause between Paragraphs 169 and 170.

170.    The allegations in Paragraph 170 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all preceding and subsequent paragraphs as if fully set forth herein.

171.    The allegations in Paragraph 171 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 177.

178.    The allegations in Paragraph 178 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 178.

The allegations in the "WHEREFORE" clause between Paragraphs 178 and 179 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in the "WHEREFORE" clause between Paragraphs 178 and 179.

179.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

180.    Conseco Life avers that Paragraph 180 contains legal conclusions as to which no response is required.  To the extent that Paragraph 180 is deemed to contain factual allegations, they are denied.

181.    Conseco Life avers that Paragraph 181 contains legal conclusions as to which no response is required.  To the extent that Paragraph 181 is deemed to contain factual allegations, they are denied.

182.    Conseco Life avers that Paragraph 182 contains legal conclusions as to which no response is required.  To the extent that Paragraph 182 is deemed to contain factual allegations, they are denied.

183.    Conseco Life avers that Paragraph 183 contains legal conclusions as to which no response is required.  To the extent that Paragraph 183 is deemed to contain factual allegations, they are denied.

184.    Conseco Life avers that Paragraph 184 contains legal conclusions as to which no response is required.  To the extent that Paragraph 184 is deemed to contain factual allegations, they are denied.

185.    Conseco Life avers that Paragraph 185 contains legal conclusions as to which no response is required.  To the extent that Paragraph 185 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 185 and 186 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 185 and 186 is deemed to contain factual allegations, they are denied.

186.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

187.    Conseco Life avers that Paragraph 187 contains legal conclusions as to which no response is required.  To the extent that Paragraph 187 is deemed to contain factual allegations, they are denied.

188.    Conseco Life avers that Paragraph 188 contains legal conclusions as to which no response is required.  To the extent that Paragraph 188 is deemed to contain factual allegations, they are denied.

189.    Conseco Life avers that Paragraph 189 contains legal conclusions as to which no response is required.  To the extent that Paragraph 189 is deemed to contain factual allegations, they are denied.

190.    Conseco Life avers that Paragraph 190 contains legal conclusions as to which no response is required.  To the extent that Paragraph 190 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 190 and 191 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 190 and 191 is deemed to contain factual allegations, they are denied.

191.    The allegations in Paragraph 191 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the

extent that an answer is deemed required, Conseco Life repeats and realleges its answers to all preceding and subsequent paragraphs as if fully set forth herein.

192.    The allegations in Paragraph 192 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 193.

194.    The allegations in Paragraph 194 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in Paragraph 194.

The allegations in the "WHEREFORE" clause between Paragraphs 194 and 195 relate solely to a cause of action that was dismissed by order of this Court dated July 29, 2009, and therefore no response is required.  To the extent that an answer is deemed required, Conseco Life denies the allegations in the "WHEREFORE" clause between Paragraphs 194 and 195.

195.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

196.    Conseco Life avers that Paragraph 196 contains legal conclusions as to which no response is required.  To the extent that Paragraph 196 is deemed to contain factual allegations, they are denied.

197.    Conseco Life avers that Paragraph 197 contains legal conclusions as to which no response is required.  To the extent that Paragraph 197 is deemed to contain factual allegations, they are denied.

198.    Conseco Life avers that Paragraph 198 contains legal conclusions as to which no response is required.  To the extent that Paragraph 198 is deemed to contain factual allegations, they are denied.

199.    Conseco Life avers that Paragraph 199 contains legal conclusions as to which no response is required.  To the extent that Paragraph 199 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 199 and 200 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 199 and 200 is deemed to contain factual allegations, they are denied.

200.    Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

201.    Conseco Life avers that Paragraph 201 contains legal conclusions as to which no response is required.  To the extent that Paragraph 201 is deemed to contain factual allegations, they are denied.

202.    Conseco Life avers that Paragraph 202 contains legal conclusions as to which no response is required.  To the extent that Paragraph 202 is deemed to contain factual allegations, they are denied.

203.    Conseco Life avers that Paragraph 203 contains legal conclusions as to which no response is required.  To the extent that Paragraph 203 is deemed to contain factual allegations, they are denied.

204.    Conseco Life avers that Paragraph 204 contains legal conclusions as to which no response is required.  To the extent that Paragraph 204 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 204 and 205 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 204 and 205 is deemed to contain factual allegations, they are denied.

205.     Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

206.     Conseco Life avers that Paragraph 206 contains legal conclusions as to which no response is required.  To the extent that Paragraph 206 is deemed to contain factual allegations, they are denied.

207.     Conseco Life avers that Paragraph 207 contains legal conclusions as to which no response is required.  To the extent that Paragraph 207 is deemed to contain factual allegations, they are denied.

208.     Conseco Life avers that Paragraph 208 contains legal conclusions as to which no response is required.  To the extent that Paragraph 208 is deemed to contain factual allegations, they are denied.

209.     Conseco Life avers that Paragraph 209 contains legal conclusions as to which no response is required.  To the extent that Paragraph 209 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 209 and 210 contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 209 and 210 is deemed to contain factual allegations, they are denied.

210.     Conseco Life incorporates its answers and averments in the paragraphs above as if fully set forth herein.

211.    Conseco Life avers that Paragraph 211 contains legal conclusions as to which no response is required.  To the extent that Paragraph 211 is deemed to contain factual allegations, they are denied.

212.    Conseco Life avers that Paragraph 212 contains legal conclusions as to which no response is required.  To the extent that Paragraph 212 is deemed to contain factual allegations, they are denied.

213.    Conseco Life avers that Paragraph 213 contains legal conclusions as to which no response is required.  To the extent that Paragraph 213 is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "WHEREFORE" clause between Paragraphs 213 and Plaintiffs' "JURY DEMAND" contains legal conclusions as to which no response is required.  To the extent that the "WHEREFORE" clause between Paragraphs 213 and Plaintiffs' "JURY DEMAND" is deemed to contain factual allegations, they are denied.

Conseco Life avers that the "JURY DEMAND" immediately preceding Plaintiffs' "PRAYER FOR RELIEF" contains legal conclusions to which no response is required.  To the extent that the "JURY DEMAND" immediately preceding Plaintiffs' "PRAYER FOR RELIEF" is deemed to contain factual allegations, they are denied.

Conseco Life avers that Plaintiffs' "PRAYER FOR RELIEF" and the "WHEREFORE" clause immediately following it, contain legal conclusions as to which no response is required.  To the extent that Plaintiffs' "PRAYER FOR RELIEF" and the "WHEREFORE" clause immediately following it are deemed to contain factual allegations, they are denied, and Conseco Life further denies that Plaintiffs are entitled to any relief whatsoever.

1

## AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3

4

The Amended Complaint, and each count contained therein, fails to state a cognizable legal claim upon which relief can be granted.

5

6

### SECOND AFFIRMATIVE DEFENSE

7

The Amended Complaint, and each count contained therein, is barred because of

8

Plaintiffs' failure to mitigate, minimize, or avoid their damages, if any.

9

10

### THIRD AFFIRMATIVE DEFENSE

11

The Amended Complaint, and each count contained therein, is barred because

12

Plaintiffs' reliance on any alleged misrepresentations was unreasonable because the alleged

13

misrepresentations were contradicted by the express terms of the policies.

14

15

### FOURTH AFFIRMATIVE DEFENSE

16

Plaintiffs' count for declaratory relief fails to state a claim for relief because

17

Plaintiffs' harm, if any, will be fairly and adequately resolved by the adjudication of Plaintiffs'

18

other counts.

19

### FIFTH AFFIRMATIVE DEFENSE

20

The Amended Complaint, and each count contained therein, is barred by the

21

applicable statutes of limitations.

22

23

### SIXTH AFFIRMATIVE DEFENSE

24

The Amended Complaint, and each count contained therein, is barred because it is

25

not ripe.

26

27

28

---

38

1

## SEVENTH AFFIRMATIVE DEFENSE

2

3

The Amended Complaint, and each count contained therein, is barred because Conseco Life has not breached any duty.

4

5

## EIGHTH AFFIRMATIVE DEFENSE

6

7

The Plaintiffs are not entitled to equitable relief because Plaintiffs have not suffered, and will not suffer, irreparable harm and have adequate remedies at law.

8

9

## NINTH AFFIRMATIVE DEFENSE

10

Plaintiffs' claims are preempted, in whole or in part, by ERISA.

11

## TENTH AFFIRMATIVE DEFENSE

12

13

Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy contractual conditions precedent.

14

15

## ELEVENTH AFFIRMATIVE DEFENSE

16

17

18

To the extent that Plaintiffs seek exemplary or punitive damages, any such relief would violate statutory limitations on damages, and/or Conseco Life's right to procedural and substantive due process under the Fourteenth Amendment of the United States.

19

## TWELFTH AFFIRMATIVE DEFENSE

20

21

22

The Amended Complaint, and each count contained therein, is barred by the doctrines of estoppel, waiver, consent and laches.

23

## THIRTEENTH AFFIRMATIVE DEFENSE

24

Plaintiffs' claims are barred, in whole, or in part, by the Statute of Frauds.

25

26

27

28

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for violation of the Consumer Protection Statutes of states other than California are barred by reason of Plaintiffs' failure to identify any unlawful act or practice that violates any of those other unidentified state's statutes or regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each count contained therein, is barred on the grounds of primary jurisdiction, filed rate doctrine, and/or regulatory approval.

### SIXTEENTH AFFIRMATIVE DEFENSE

Conseco Life reserves the right to amend this answer to assert other affirmative defenses, as appropriate, as this matter proceeds, and in light of discovery obtained.

WHEREFORE, Conseco Life respectfully requests judgment granting the following relief:

(a)    dismissing the Amended Complaint against Conseco Life with prejudice;

(b)    awarding Conseco Life the costs of defending this action, including attorneys' fees, costs and disbursements;

(c)    granting Conseco Life such other and further relief as this Court may deem just and necessary.

1   Dated:  August 19, 2009                    Respectfully submitted,

2

3                                              /s/ Raoul D. Kennedy
                                               RAOUL D. KENNEDY (State Bar No. 40892)
4                                              Skadden, Arps, Slate, Meagher & Flom LLP
                                               Four Embarcadero Center, Suite 3800
5                                              San Francisco, California 94111
                                               Telephone: (415) 984-6400
6                                              Facsimile: (415) 984-2698
                                               Email: Raoul.Kennedy@skadden.com
7

8                                              JAMES R. CARROLL (*Pro Hac Vice*)
                                               DAVID S. CLANCY (*Pro Hac Vice*)
9                                              CALE P. KEABLE (*Pro Hac Vice*)
                                               Skadden, Arps, Slate, Meagher & Flom LLP
10                                             One Beacon Street, 31st Floor
                                               Boston, Massachusetts 02108
11                                             Telephone: (617) 573-4800
                                               Facsimile: (617) 573-4822
12                                             Email: James.Carroll@skadden.com
                                               Email: David.Clancy@skadden.com
13                                             Email: Cale.Keable@skadden.com

14                                             Attorneys for Defendant
15                                             Conseco Life Insurance Company

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSECO LIFE'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO.: 3:08-CV-05746-SI