United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC BRADY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONSECO, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 08-05746 SI<br><br>**ORDER RE: MOTION TO COMPEL**<br>**[Docket No. 79]** |

Defendant Conseco Life Insurance Company has filed a motion to compel plaintiffs to produce documents responsive to eight document requests and five interrogatories.

## I.    **Document Request 2**

Document Request 2 seeks documents related to the life insurance policies at issue, including the policies themselves, correspondence between plaintiffs and defendant, correspondence between plaintiffs and insurance agents or brokers, and annual statements. Plaintiffs objected to this request as burdensome, overbroad, and not reasonably calculated to lead to discovery of admissible evidence.[1] Plaintiffs point out that, despite their objections, they stated they would "produce all responsive, non-privileged documents to the extent available." Plaintiffs assert that they have done so and will update their responses if they become aware of additional responsive documents. Accordingly, defendant's motion to compel production of documents in response to Document Request 2 is DENIED as moot.

---

[1] The request also originally sought correspondence between plaintiffs and "any lawyer, financial advisor or other advisor." Plaintiffs objected on grounds of privilege and defendant does not seek to compel production of these documents in the present motion.

## II.     Document Requests 5, 6, and 13; Interrogatory 4

Document Requests 5, 6, and 13 and Interrogatory 4 seek information and documents related to insurance policies other than the policies at issue in this case, including the policy documents themselves, notes and correspondence concerning the policies, and other documents concerning the purchase of insurance policies. Defendant asserts that these documents are relevant in light of plaintiffs' claim that they lost the opportunity to purchase other life insurance policies in reliance on defendant's promises regarding the policies at issue. Defendant contends it is entitled to know plaintiffs' "overall history with life insurance, and their life insurance goals and strategies."

In response, plaintiffs assert that "whether Plaintiffs decided years ago to supplement their Conseco life insurance coverage with other life insurance has no bearing on whether Plaintiffs lost the opportunity to replace their Conseco policies when replacing such coverage would have been less expensive because Plaintiffs were younger." Plaintiffs assert that they intend to prove their claim through expert and party witness testimony regarding insurance underwriting practices, and that information regarding any purchase of additional insurance policies in the past is irrelevant to determining whether "Conseco's failure to properly administer the policies necessarily forces Plaintiffs to pay more for the same amount of coverage."

The Court agrees with plaintiffs that defendant is not entitled to discovery of all documents detailing plaintiffs' "overall history with life insurance." However, defendant is entitled to know whether plaintiffs acquired life insurance policies in addition to the Conseco policies at issue. Accordingly, defendant's motion to compel production of the documents identified in Document Requests 5, 6, and 13 is GRANTED in part. Plaintiffs are ordered to produce policy documents related to any other life insurance policies they have taken out, but need not produce all correspondence and notes related to these policies. Plaintiffs are further ordered to identify in response to Interrogatory 4 all the life insurance policies they acquired or considered acquiring.

## III.     Document Requests 8-11; Interrogatories 8-11

Document Requests and Interrogatories 8-11 seek personal financial information and documents for each plaintiff, including "all account statements (bank account, securities account, or otherwise),"

as well as "all material purchases and/or investments," "all material sales," and "all material loans" made or considered by each plaintiff. Defendant asserts this information is necessary to ascertain the existence and extent of any financial damage to plaintiffs. Defendant states, "For example, a Plaintiff was not damaged if, upon receipt of an earlier premium-due notice, he or she would have paid the premium out of liquid assets . . . and, during the intervening time period, those assets have remained liquid and have *grown* in value. In that situation, the Plaintiff *benefitted* from the use of the extra money, and is better situated now that he or she would have been had he or she paid the premiums on an annual basis over time." (emphasis in original).

Plaintiff objects to these requests on the ground they are not calculated to lead to the discovery of admissible evidence. Plaintiff also objects that the requests are burdensome and intrusive. The Court agrees with plaintiffs that the document requests and interrogatories seeking personal financial information are unreasonably intrusive and of marginal relevance, especially given the speculative nature of the argument defendant intends to make based on this information. Accordingly, defendant's motion to compel in relation to Document Requests and Interrogatories 8-11 is DENIED.

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge